IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAWN O.,**[1]

       Plaintiff,

       v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

       Defendant.

**No. 3:18-CV-02055-MC**

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

Plaintiff Dawn O. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff argues that the Administrative Law Judge ("ALJ") erred by rejecting the opinions of Plaintiff's treating medical sources and rejecting Plaintiff's testimony about the onset date of her cancer. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. §

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial

evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d

1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To

determine whether substantial evidence exists, the Court reviews the entire administrative record,

weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*,

868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine

whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof

rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect

the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At

step five, the Commissioner must show that the claimant can adjust to other work after considering

the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet

this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If,

however, the Commissioner finds that the claimant can perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d

949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had some medically determinable impairments

but did not find that Plaintiff had any *severe* impairments, *i.e.*, "an impairment or combination of

impairments that significantly limited the ability to perform basic work-related activities for [a

year]." Tr. 18.[2] Accordingly, the ALJ found that Plaintiff "was not under a disability . . . at any

---

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

time from January 9, 2009, the alleged onset date, through December 31, 2013, the date last insured." Tr. 23 (citing 20 C.F.R. § 404.1520(c)).

Plaintiff argues that the ALJ erred by improperly rejecting the opinions of treating medical sources and incorrectly rejecting Plaintiff's testimony about the onset date of her cancer.

## I. Treating Physicians Opinions

Plaintiff contends that the ALJ incorrectly weighed the medical opinions provided by Dr. Alice Wang-Chesebro and Dr. Alison Conlin. Pl.'s Op. Br. 3, ECF No. 14. Dr. Wang-Chesebro was Plaintiff's radiation oncologist since September 2014. Tr. 1014. In May 2017, she responded to an attorney-generated questionnaire that Plaintiff met Listings 13.10A and 13.10E as of Plaintiff's date last insured. Tr. 1014–16. Dr. Wang-Chesebro opined that Plaintiff's breast mass, discovered in January 2014, would have been there before the date last insured. Tr. 1015. Dr. Conlin, Plaintiff's treating oncologist since January 29, 2014, agreed. Tr. 996-98. Like Dr. Wang-Chesebro, Dr. Conlin responded to an attorney-generated questionnaire in May 2017. Tr. 996. While the questionnaire includes several errors and inconsistencies, Plaintiff is right in her assertion that Dr. Conlin implied that the onset of Plaintiff's cancer possibly occurred before the date last insured. Pl.'s Op. Br. 8 (citing tr. 996–97).

But while Dr. Wang-Chesebro and Dr. Conlin opined that Plaintiff met Listings 13.10A and 13.10E, testifying medical expert Dr. Robert B. Sklaroff disagreed. At Plaintiff's hearing, Dr. Sklaroff testified that Plaintiff did not meet Listing 13.10A and that Plaintiff had no severe impairments during the period at issue. *See* tr. 47–51. After considering these differing opinions, the ALJ assigned greater weight to Dr. Sklaroff's opinion. Tr. 21–22.

Generally, a treating doctor's opinion is entitled to more weight than an examining doctor's opinion, which in turn is entitled to more weight than a reviewing doctor's opinion. *Garrison v.*

*Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). But when faced with conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

Here, the ALJ provided multiple reasons for assigning little weight to either Dr. Wang-Chesebro's or Dr. Conlin's opinion. Beginning with Dr. Wang-Chesebro, the ALJ noted that Plaintiff began receiving treatment after the date last insured. Tr. 21 ("[Dr. Wang-Chesebro] was not the claimant's treating doctor at the time of diagnosis or the claimant's surgeon and did not begin treatment until later in 2014."). The ALJ also noted that Dr. Wang-Chesebro did not review any evidence before the date last insured and instead relied on evidence obtained afterwards. Tr. 1014–15. An ALJ may find that a retroactive opinion, based on examination after the date last insured and inconsistent with other medical evidence, is a valid basis to assign less weight. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999).

Likewise, the ALJ found that Dr. Conlin also provided a retroactive opinion based on an examination after the date last insured. Tr. 22. Dr. Conlin relied on imaging taken after the date last insured when formulating her opinon. Tr. 996–97. Because of the retroactive basis for Dr. Conlin's opinion, the ALJ could assign it less weight. *Tidwell*, 161 F.3d at 602. The ALJ was also rightfully confused about whether Dr. Conlin's opinion was supported by clinical findings. Tr. 22; *see also* Pl.'s Op. Br. 8 ("This questionnaire included several errors and inconsistencies."). An "ALJ need not accept the opinion of any physician, *including a treating physician*, if that opinion

is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry*, 688 F.3d at 671 (emphasis added).

The ALJ ultimately found that Dr. Sklaroff's testimony had more support in the record. Tr. 21. Dr. Sklaroff testified that Plaintiff did not have any severe impairments and that she failed to meet Listing 13.10A. Tr. 47–51. Dr. Sklaroff's opinion had the advantage of relying on the entire record, including the opinions from Dr. Wang-Chesebro and Dr. Conlin. *See* tr. 34–67. An ALJ may reject "the opinion of a treating or examining physician, based *in part* on the testimony of a nontreating, nonexamining medical advisor." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (emphasis in original) (citations omitted). Here, the ALJ rejected testimony from Dr. Wang-Chesebro and Dr. Conlin in part based on the contradictory evidence provided by Dr. Sklaroff, but also in part on the fact that none of the physicians relied on evidence relating to the time before the date last insured. Tr. 21–22.

Plaintiff counters that the lack of evidence does not necessarily mean that a condition does not exist. Pl.'s Op. Br. 8. But rather than establishing that the ALJ erred, Plaintiff's argument instead only supports an alternative interpretation. When the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Because the ALJ could rationally conclude that Dr. Sklaroff's opinion was entitled to more weight, the ALJ's decision to discount the treating physicians' opinions was supported by "substantial evidence." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## II. Plaintiff's Onset Date Testimony

Plaintiff next argues that the ALJ erred in rejecting her testimony about the onset date of her cancer. Pl.'s Op. Br. 8. An ALJ follows a two-step process in evaluating a claimant's

symptoms. SSR 16-3p, 2017 WL 5180304, at \*3–4 (Oct. 25, 2017). At step one, the ALJ

determines whether the claimant has a medically determinable impairment that could reasonably

be expected to produce the claimant's alleged symptoms. *Id.* At step two, the ALJ evaluates the

intensity and persistence of a claimant's symptoms and determines how much an individual's

symptoms limit their ability to perform work-related activities. *Id.* at \*4. Here, at step one, the ALJ

determined that "that the [Plaintiff's] medically determinable impairments could have been

reasonably expected to produce the alleged symptoms." Tr. 19. At step two, the ALJ found that

"the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record."

Tr. 19.

The ALJ "is responsible for determining [the] credibility" of a claimant's subjective

complaints. *Andrews*, 53 F.3d at 1039. An ALJ may only discount subjective symptom testimony

by identifying specific, clear, and convincing reasons supported by substantial evidence in the

record. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). "Contradiction with the

medical record is a sufficient basis for rejecting the claimant's subjective testimony," *Carmickle

v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), along with "ordinary techniques

of credibility evaluation." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "If the ALJ's

credibility finding is supported by substantial evidence in the record, [the reviewing court] may

not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The

ALJ's decision to discount Plaintiff's testimony is supported by substantial evidence in the record.

The ALJ specifically noted there was no evidence to support Plaintiff's claims during the

period at issue. Tr. 20 ("No treatment notes of [Plaintiff] being sick or ill in 2013, which shows

that the claimant had no functional impairment from such lump prior to her date last insured.").

6 – OPINION AND ORDER

"We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (quotation and citation omitted). Plaintiff explained that she had noticed the breast lump the prior year and had been seeking treatment for years. Tr. 399. Plaintiff also stated that she lacked insurance until January 1, 2014. Tr. 780. An ALJ will consider a claimant's ability to afford treatment. SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). The ALJ did so here but found that Plaintiff's "complaints of being unable to get an appointment with complaints of a breast lump and the fact that her reasons for not scheduling an appoint vary over time . . . [and] stretch credulity." Tr. 20. The ALJ also noted that if Plaintiff was "concerned or was having functional symptoms, she likely would have sought treatment at an urgent care facility or the emergency room." Tr. 20. The Court finds that the ALJ properly relied on Plaintiff's inadequately explained failure to seek treatment when discounting her testimony.

The ALJ also noted the post diagnosis record still failed to support Plaintiff's allegations. Tr. 20. A lack of supportive evidence is a valid consideration when evaluating testimony. *Burch*, 400 F.3d at 681. When Plaintiff was diagnosed, the mass was described as non-tender. Tr. 400. And a couple of weeks later, Plaintiff reported that she was "feeling well otherwise." Tr 411. In early March 2014, Plaintiff continued to report that she was not experiencing any unusual symptoms. Tr. 425. As noted by the ALJ, it was not until March 26, 2014, after Plaintiff's first chemotherapy cycle, that Plaintiff reported symptoms which impacted her daily life. Tr. 429**.** The ALJ cited all this evidence when determining that before Plaintiff's date last insured, Plaintiff lacked evidence supporting a determination that she was disabled. Tr. 20–21.

While Plaintiff argues otherwise, substantial evidence in the record supports the ALJ's determination to discount Plaintiff's testimony about her onset date. *Thomas*, 278 F.3d at 959.

Further, the Court "may not engage in second-guessing." *Id.* The Court thus finds that the ALJ did

not commit legal error here.

## <u>CONCLUSION</u>

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 31st day of August, 2020.


 **s/Michael J. McShane**
                                    Michael J. McShane
                                    United States District Judge